UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

John Ho,

                Plaintiff,

    v.

Great Hope Investments, LLC,

                Defendant.

Case No.: 2:25-cv-00823-MEMF-PVC

**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

On January 30, 2025, John Ho filed a Complaint against Great Hope Investments, LLC, asserting: (1) a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–52, *et seq.*; and (2) a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. ECF No. 1. The Complaint alleges that this Court has jurisdiction over the ADA claim pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over state claim under 28 U.S.C. § 1367. *Id.* at ¶¶ 3, 4.

Principles of pendent jurisdiction have been codified in the supplemental jurisdiction statute, 28 U.S.C. § 1367. The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in

1

1   each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness,

2   and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added)

3   (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

4         California law sets forth a heightened pleading standard for a limited group of lawsuits

5   brought under the Unruh Act. *See* Cal. Civ. Proc. Code §§ 425.55(a)(2) & (3). The stricter pleading

6   standard requires certain plaintiffs bringing construction-access claims like the one in the instant

7   case to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the

8   specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff

9   encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). A "high-frequency

10  litigant fee" is also imposed on certain plaintiffs and law firms bringing these claims. *See* Cal. Gov't

11  Code § 70616.5. A "high-frequency litigant" is "a plaintiff who has filed 10 or more complaints

12  alleging a construction-related accessibility violation within the 12-month period immediately

13  preceding the filing of the current complaint alleging a construction-related accessibility violation"

14  *and* "an attorney who has represented as attorney of record 10 or more high-frequency litigant

15  plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing

16  of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code

17  §§ 425.55(b)(1) & (2). High frequency litigants are also required to state: (1) whether the complaint

18  is filed by, or on behalf of, a high-frequency litigant; (2) in the case of a high-frequency litigant who

19  is a plaintiff, the number of complaints alleging construction-related accessibility claim filed by the

20  high-frequency litigant during the 12 months prior to filing the instant complaint; (3) the reason the

21  individual was in the geographic area of the defendant's business; and (4) the reason why the

22  individual desired to access the defendant's business." *See id.* § 425.50(a)(4)(A).

23        In light of the foregoing, the Court orders Ho to show cause in writing why the Court should

24  exercise supplemental jurisdiction over the Unruh Act claim. *See* 28 U.S.C. § 1367(c). In responding

25  to this Order to Show Cause:

26     1. Ho shall identify the amount of statutory damages Ho seeks to recover.

27     2. Ho and Ho's counsel shall also support their responses to the Order to Show Cause with

28        declarations, signed under penalty of perjury, providing all facts necessary for the Court to

1    determine if they satisfy the definition of a "high-frequency litigant" as provided by

2    California Code of Civil Procedure §§ 425.55(b)(1) & (2). This includes, but is not limited

3    to:

4        a.  the number of construction-related accessibility claims filed by Ho in the twelve

5            months preceding the filing of the present claim; and

6        b.  the number of construction-related accessibility claims in which Ho's counsel has

7            represented high-frequency litigant plaintiffs in the twelve months preceding the

8            filing of the present claim.

9    Ho shall file a Response to this Order to Show Cause by no later than fourteen days from the

10   date of this order. The failure to timely or adequately respond to this Order to Show Cause may,

11   without further warning, result in the Court declining to exercise supplemental jurisdiction over the

12   Unruh Act claim pursuant to 28 U.S.C. § 1367(c).

13

14       **IT IS SO ORDERED.**

15

16

17   Dated: February 21, 2025

18                                 MAAME EWUSI-MENSAH FRIMPONG

19                                     United States District Judge

20

21

22

23

24

25

26

27

28

3